**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cr. No. C-13-181-3** |
| | § | |
| **CESAR DIAZ-CAMPOS** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Before the Court is Cesar Diaz-Campos' letter motion in which he requests documents and his sentencing transcript from his criminal proceedings. (D.E. 90). He states that he needs the documents to file a *pro se* appeal. (*Id.*)

Diaz-Campos was convicted based upon his guilty plea pursuant to a plea agreement. (D.E. 48). He was sentenced to 60 months in the custody of the Bureau of Prisons on September 6, 2013. Judgment was entered on the docket on September 10, 2013. (D.E. 88). Diaz-Campos' request for documents was also construed to be a notice of appeal. (D.E. 90, 91).

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3. Rule 4(b) requires a notice of appeal in a criminal case to be filed within 14 days of the judgment appealed from, but allows a motion for extension of the time to file the notice of appeal if the requested extension is

within thirty days of the due date.[1]   Fed. R. App. P. 4(b).   Although Rule 4(b)(1)(A)'s

time limit for filing a timely notice of appeal is not jurisdictional, it is mandatory.   *United*

*States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007) (following *Bowles v. Russell*, 551

U.S. 205, 211-13 (2007)).   A defendant does not have a right to have his untimeliness for

filing a notice of appeal disregarded.   *United States v. Leijano-Cruz*, 473 F.3d 571, 574

(5th Cir. 2006).   Because Diaz-Campos' notice of appeal was filed on December 16,

2013, it was filed 52 days beyond the time to file a motion for extension of time to file a

notice of appeal as provided for in Rule 4(b)(4).

As to Diaz-Campos' request for documents, the Court construes his request to be

one for documents at government expense.   Diaz-Campos qualified for appointed

counsel in the criminal proceedings.   (D.E. 8).   An indigent defendant has a statutory

right to free court documents in particular circumstances.   *See* 28 U.S.C. § 753(f); *United*

*States v. MacCollum*, 426 U.S. 317 (1976).   The defendant must establish that the

documents are needed to decide an issue in a pending suit and that the suit is not

frivolous.   28 U.S.C. § 753(f).

---

[1]   Rule 4(b)(1)(A) sets the time within which a criminal defendant must file a notice of appeal:

> In a criminal case, a defendant's notice of appeal must be filed in the district court
> within 14 days after the later of:
> (i) the entry of either the judgment or the order being appealed; or
> (ii) the filing of the government's notice of appeal.

Fed. R. App. P. 4(b)(1)(A). Rule 4(b)(4) states: "Upon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

Diaz-Campos' proposed appeal is untimely.   Nothing else is pending in this Court. He, therefore, fails to meet the requirements for court documents at government expense. *See* 28 U.S.C. § 753(f); *see also United States v. Herrera*, 474 F.2d 1049, 1049-50 (5th Cir. 1973) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

The Court DENIES Diaz-Campos' letter motion for documents at government expense (D.E. 90).   Should he wish to obtain documents, he may do so at his own expense.   The Clerk is instructed to send Diaz-Campos a copy of his docket sheet, instructions to order documents, and information regarding the cost to do so.

It is so ORDERED this _____ day of ___1/3/14_____ 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

3